Scire facias on a recognizance in the Orphans' Court. In and for Kent County, and an affidavit of defence that Gorman, the recognizor in it and the defendant in the action, had been summoned as a garnishee of John D. Coverdale, who was the husband of the said Susan D. Coverdale, by divers parties who had judgments against the said John D. Coverdale, and that the sum of money demanded in the action had been attached in his hands by such judgment creditors of her husband. *Page 625 
 Comegys, for the Plaintiff, now at the first term moved for judgment, notwithstanding the affidavit of defence filed, because the money sued for in this case, and which it seemed from the affidavit of defence, certain judgment creditors of the husband were seeking to attach for debts due from him, was the wife's share of the valuation of certain real estate to which she was entitled as an heir at law, of course, in her own absolute right, and which had been assigned to the defendant on his entering into the recognizance in the Orphans' Court to pay her and the other heirs at law, their several and respective shares of the valuation of it after deducting the costs of the proceedings in that court; and as such, it was not subject to attachment for the debts of the husband, since the passage of the Act of 1865, for the benefit of married women, Rev. Code, Amend.
478, which provides, among other things, that the real estate belonging to any married woman at the time of her marriage, or to which she may become entitled at any time during her coverture, shall remain and continue to be her sole and separate property, and shall not be subject to, or liable for, the debts of her husband, except where such debts are judgments recovered against him for her liabilities before marriage, which it was not pretended was the character of the judgments referred to by the defendant in his affidavit. He would not pretend to say that the attachments referred to and the legal effect claimed for them, would be in direct violation of the literal terms, or words of the statute in this case, but he would say that it would be none the less in violation or contravention of the direct object, spirit and policy of it, than if its language had specially and expressly prohibited it.
Massey, for the Defendant. The plaintiff, Susan D. Coverdale, is no longer interested in, or entitled to, any real estate in this case, except the lien which she has on the land now owned by the defendant in absolute fee, for the payment of this debt of record secured by the recognizance, *Page 626 
and for which debt she is now suing in this court, as for a debt or sum of money due her, and nothing more, or less. By virtue of the proceedings in the Orphans' Court, all her title and estate in the lands of her deceased father, were absolutely and completely divested, and converted into a debt payable to her in money, and the recognizor by virtue of the statute under which it was had, took not only all her estate, but all the estate of her father before her in the land, and thus by a most effectual substitution and relation, his exclusive and absolute title to and estate in it, was incepted the instant hers accrued and began. How then can the Act of 1865 by construction merely of the clause referred to, be held to subvert and overthrow the well-settled doctrine long before established by a direct decision of this Court upon the question, that a wife's interest in a recognizance in the Orphans' Court may be attached for the debt of her husband?Bath's Exrs. v. Elliott, 4 Harr. 466.
The Court sustained the objection to the affidavit of defence, and directed judgment to be entered for the plain-till', on the ground that they considered that it would be contrary to the spirit and policy, as well as the intention of the statute of 1865 for the benefit of married women, 1o now hold that a wife's sole and separate interest in the real estate of her deceased father secured by recognizance in the Orphans' Court, may be attached for the debt of her husband, except such debts as are specially provided for in it.